PETER C. ANDERSON
UNITED STATES TRUSTEE
MICHAEL A. JONES, State Bar No. 271574
ASSISTANT UNITED STATES TRUSTEE
DAVID S. SHEVITZ, SBN 271917
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd. Suite 1850
Los Angeles, CA 90017
Telephone:     (213)-894-3240
Facsimile:     (213) 894-0276
Email:         David.S.Shevitz@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>SKYLOCK INDUSTRIES, a California corporation,<br><br>        Debtor and Debtor-in-Possession. | Case No. 2:24-bk-17820-BB<br><br>Chapter 11<br><br>**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S EMERGENCY MOTION TO MAINTAIN BANK ACCOUNT**<br><br>Hearing Information:<br>Date:  October 1, 2024<br>Time:  10:00 am<br>Place:  255 E. Temple Street<br>         Courtroom 1539<br>         Los Angeles, CA 90012 |

     Peter C. Anderson, the United States Trustee for Region 16 ("U.S. Trustee"), objects to the *Debtor's Motion for Authority to Maintain Bank Account* (the "Motion", Dkt. No. 7).[1]

**OBJECTION**

     The Debtor moves to continue using four pre-petition accounts for 45 days from the petition date as part of its existing cash management system: two accounts at Bank of America (a savings account and a checking account) and two accounts at Chase Bank (a checking account and a payroll account). Section

---

[1] Unless stated otherwise, capitalized terms have the meanings defined in the Motion.

-1-

345 obligates debtors to take into account the safety of a deposit of estate funds. *See* 11 U.S.C. § 345 (imposing a duty on debtors to take affirmative steps to protect estate funds).

Under the United States Trustee Guidelines and Requirements for Chapter 11 Debtors in Possession ("U.S. Trustee Guidelines"), which were created because the U.S. Trustee has extensive monitoring and oversight duties in Chapter 11 cases pursuant to 28 U.S.C. § 586(a)(3), all Chapter 11 debtors must close all of their existing bank accounts upon filing. *See In re Americana Expressways, Inc.*, 133 F.3d 752 756-757 (10th Cir. 1997) (recognizing the U.S. Trustee's duties to supervise a Chapter 11 debtor and to require closing of prepetition bank accounts); *In re Bartmann*, 320 B.R. 725, 734 (Bank. N.D. Okla. 2004) (stating that a Chapter 11 debtor's counsel has a duty to protect the integrity of the estate and advise the debtor-in-possession to close all prepetition bank accounts).

The U.S. Trustee established debtor-in-possession ("DIP") accounts to ensure that debtors comply with their responsibilities under Section 345. DIP accounts provide heightened protection in the event a bank fails, suspends activities, or becomes insolvent. Specifically, agreements between the U.S. Trustee and authorized depositories give the U.S. Trustee rights to seek recourse against failed banks that Debtor does not have.[2]

Here, the Debtor proposes to keep the bank accounts open because, "Many of the Debtor's customers pay the Debtor's invoices via Automated Clearing House ("ACH") or wire transfer. The Debtor is in the process of setting up its new Debtor-in-Possession Accounts; however, some customers will take at least several weeks or more to change their payments processing to the Debtor's new accounts." *See* Motion at Dkt. No. 7 pg. 3 lines 11-14. Debtor further argues that the maintenance of the pre-Petition accounts account is necessary and appropriate to the business operations of the Debtor until the new accounts are established and connected to the Lightspeed and Stripe merchant processing systems.

---

[2] The recent failures and appointments of receivers in First Republic Bank of San Francisco, on May 1, 2023, Silicon Valley Bank, a California financial institution, on March 10, 2023, and Signature Bank, a New York financial institution, on March 12, 2023, and the prospect of future bank failures highlight the importance of debtor compliance with Section 345. *See* www.fdic.gov//bank/historical/bank/bfb2023.html (last visited on July 5, 2023). Contrary to the Debtors' contentions, recent bank failures and the prospect of additional failures, mean that cash management motions are no longer routine and simple matters.

1  *See id.* at lines 22-24.  Debtor requests authority to maintain its pre-Petition bank accounts for a period of 45 days and states that it "will sweep all funds deposited in its pre-Petition accounts to its Debtor-in-Possession accounts on a weekly basis." *See id.* at lines 15-17.

Although the Debtor has articulated a reason to keep the operating account open for a short period of time until the new Debtor-In-Possession ("DIP") accounts are established, it has not explained why the prepetition accounts need to remain open for 45 days.  Further, it has not clarified if it intends to pay all of of its postpetition expenses from the general DIP account, instead of paying expenses from the pre-petition operating accounts.  The U.S. Trustee would request that all expenses be paid out of the DIP accounts as soon as they are established and that the funds that are deposited in its pre-Petition accounts are swept daily instead of weekly into the DIP accounts once established.

Hence, the Debtor has not provided a satisfactory explanation of why it cannot comply with 11 U.S.C. §345 in a timelier manner.  There is no reason why Debtor cannot transfer all of the funds in the current pre-petition bank accounts into separate, segregated DIP bank accounts, and request that all new incoming deposits, such as the ACH, credit card, or wire transfers, be made into newly established DIP accounts.  Allowing Debtor to maintain the prepetition bank accounts open for 45 days creates unnecessary risk to estate funds when its primary concern— avoiding delays in payments made to the Debtor—can still be achieved while closing the DIP accounts in a shorter time frame.

To the extent that the Court intends to grant the Motion, the relief should be limited to a short timeframe by which Debtor will come into compliance with Section 345.

DATED: September 30, 2024

PETER C. ANDERSON
UNITED STATES TRUSTEE


By:   /s/ David S. Shevitz
    David S. Shevitz
    Trial Attorney

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

915 Wilshire Blvd. Suite 1850, Los Angeles CA 90017.

A true and correct copy of the foregoing document entitled (*specify*): **UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S EMERGENCY MOTION TO MAINTAIN BANK ACCOUNT**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 9/30/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attached:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 9/30/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Debtor:

See Attached:

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/30/2024 | David S. Shevitz | /s/ David S. Shevitz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION**

**SECTION I – EMAIL SERVICE**

**Misty A Perry Isaacson**   misty@ppilawyers.com, ecf@ppilawyers.com;pagterandperryisaacson@jubileebk.net
**David Samuel Shevitz**   David.S.Shevitz@usdoj.gov
**Jeffrey S Shinbrot (Counsel for Debtor)**   jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com;tanya@shinbrotfirm.com
**Rachel P Stoian**   stoian.rachel@dorsey.com, stell.laura@dorsey.com
**United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

**SECTION II – U.S. MAIL SERVICE**

**Debtor**
Skylock Industries Inc
4175 Guardian St
Simi Valley, CA 93063

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                             **F 9013-3.1.PROOF.SERVICE**