JEFFREY S. SHINBROT, ESQ. (SBN 155486)
jeffrey@shinbrotfirm.com
JEFFREY S. SHINBROT, APLC
15260 Ventura Blvd., Suite 1200
Sherman Oaks, CA 91403
Telephone: (310) 659-5444
Fax: (310) 878-8304
Counsel for Debtor-In-Possession

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SKYLOCK INDUSTRIES, a California corporation,<br><br>Chapter 11 Debtor and Debtor-In-Possession. | Case Number: 2:24-bk-17820 BB<br>Chapter 11<br><br>**OPPOSITION TO APPLICATION FOR ORDER SHORTENING TIME ON ADHARA'S MOTION TO DISMSS CHAPTER 11 CASE** |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE AND TO ALL PARTIES ON THE ANNEXED SERVICE LIST:** Chapter 11 Debtor SKYLOCK INDUSTIRES requests that the Court **deny** the APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE [filed at ECF Dkt. No. 73] on the Motion of Adhara Aerospace and Defense LLC's ("Adhara") Motion for Dismissal of the Debtor's Chapter 11 Case. This Opposition is based on the annexed Opposition and the evidence filed in the Debtor's chapter 11 case to date.

Dated: November 4, 2024        JEFFREY S. SHINBROT, APLC

By: /s/Jeffrey S. Shinbrot
    Jeffrey S. Shinbrot, Chapter 11 Counsel
    to Skylock Industries

REPLY

**OPPOSITION**

A. **No Cause for Shortening Time Presented**

Adhara does not present any admissible evidence in support of its Application for an Order Shortening Time (the "Application") rather, Adhara's counsel states that the Debtor "has no access to additional working capital, and its ability to operate and pay its employees and other essential operating expenses becomes all the more tenuous with each passing day." This of course is not evidence, it is an unsubstantiated argument made by counsel made with full knowledge that the Debtor's accounts receivables have been increasing since the Petition Date and that the Debtor is in the process of filing an application to employ professionals to sell its machinery to raise additional capital.[1] The other unsubstantiated argument made in support of the Applications is that "the Debtor appears to be intent solely on avoiding payment to Adhara on account of its legitimate and enforceable debt. Adhara should not have to wait any longer in the face of this bad faith approach from the Debtor." Here Adhara admits that the Application was filed solely to attempt to collect its disputed debt. There is no evidence that the Debtor lacks insurance or some other crisis that would warrant immediate relief. The Application should therefore be denied.

B. **The Schlecter Declaration Admits Continued Intentional Violations of the Automatic Stay**

Mr. Schlecter's declaration references hearsay statements regarding Mr. Crevoiserat alleged pre-Petition conduct which are entirely irrelevant to the Application. Schlecter also admits that

> "Mr. Pease has continued to reach out to my colleagues to discuss the status of the Debtor's operations, particularly focused on the Debtor's cash position, ability to make payroll and pay critical bills, sales numbers, and purchases of new inventory. These communications are one directional, that is to say, neither myself or any of my colleagues contact Mr. Pease, but he calls **and we take these calls**."

---

[1] Please see ECF Dkt. Nos.53, 54 and 67 which make clear that the Debtor's accounts receivables have substantially increased since the Petition Date.

1

Schlecter declaration par. 33 (emphasis added).  In fact, at the hearing on the First Day Motions in the Debtor's chapter 11 case, in full view of the Bankruptcy Court, Adhara obtained information from Mr. Pease and then used this information in order to try to prevent use of cash collateral.  Mr. Pease is not the Debtor's managing agent of the chapter 11 case  -- **why does Adhara continue to "take these calls?"**

Adhara's continued violations of the automatic stay make clear that Adhara has no respect for the bankruptcy process and is willing to flaunt the Bankruptcy Code in its attempts to foreclose on the Debtor's assets, pay creditors nothing and operate the business for its own gain (and on behalf of a disputed debt for which no proof of claim has been filed).

Based on the foregoing the Debtor respectfully requests that the Application for Order Shortening Time be denied.

Dated: November 4, 2024                JEFFREY S. SHINBROT, APLC


                                       By:/s/Jeffrey S. Shinbrot
                                          JEFFREY S. SHINBROT, ESQ.
                                          Reorganization Counsel for
                                          Debtor-In-Possession

2

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

15260 Ventura Blvd., Suite 1200
Sherman Oaks, CA  91403

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO APPLICATION FOR ORDER SHORTENING TIME ON ADHARA'S MOTION TO DISMSS CHAPTER 11 CASE:** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below.

**X  1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/4/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Nicolino Iezza    niezza@spiwakandiezza.com**
- **Misty A Perry Isaacson    misty@ppilawyers.com, ecf@ppilawyers.com;pagterandperryisaacson@jubileebk.net**
- **Christopher J Petersen    chris.petersen@blankrome.com, evelyn.rodriguez@blankrome.com**
- **Matthew D Pham    mpham@allenmatkins.com, mdiaz@allenmatkins.com**
- **David Samuel Shevitz    David.S.Shevitz@usdoj.gov**
- **Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com;tanya@shinbrotfirm.com**
- **Rachel P Stoian    stoian.rachel@dorsey.com, stell.laura@dorsey.com**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**

**SERVED BY UNITED STATES MAIL**:  On (*date*) 11/4/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

additional service list attached

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*), I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/4/2024 | Sandra Rodriguez | /s/Sandra Rodriguez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.