JEFFREY S. SHINBROT, ESQ. (SBN 155486)
jeffrey@shinbrotfirm.com
JEFFREY S. SHINBROT, APLC
15260 Ventura Blvd., Suite 1200
Sherman Oaks, CA 91403
Telephone: (310) 659-5444
Fax: (310) 878-8304
Counsel for Debtor-In-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SKYLOCK INDUSTRIES, INC.<br><br>Chapter 11 Debtor and Debtor-In-Possession. | Case Number: 2:24-bk-17820-BB<br><br>Chapter 11<br><br>**DEBTOR'S OBJECTION TO COURT'S OSC RE APPOINTMENT OF A CHAPTER 11 TRUSTEE**<br><br>**HEARING DATE/TIME/PLACE**<br><br>Date:  December 10, 2024<br>Time:  11:00 a.m.<br>Place:  255 East Temple Street,<br>           Los Angeles, CA 90012<br>           Courtroom 1539 |

**TO THE HONORABLE SHERI A. BLUEBOND, UNITED STATES BANKRUPTCY JUDGE AND TO ALL PARTIES ON THE ANNEXED SERVICE LIST:** SKYLOCK INDUSTRIES, INC. a California corporation and the debtor and debtor in possession ("Debtor") in the above-captioned Chapter11 proceeding, hereby moves ("Motion") hereby responds to the Bankruptcy Court's ORDER TO SHOW CAUSE RE APPOINTMENT OF CHAPTER 11 TRUSTEE as set forth herein.

**WHEREFORE,** the Debtor respectfully request that the Court discharge its Order to Show Cause and permit the Debtor to continue its restructuring efforts.

RESPONSE TO OSC

1     Respectfully submitted this December 6, 2024.

2

3                             JEFFREY S. SHINBROT, APLC

4                             By:/s/Jeffrey S. Shinbrot

5                                 JEFFREY S. SHINBROT, ESQ.
                                 Proposed Reorganization Counsel for

6                                  Debtor-In-Possession

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                                        RESPONSE TO OSC

**RESPONSE TO ORDER TO SHOW CAUSE**

**I.**[1]

**BACKGROUND FACTS**

The Court correctly observes the tension between the Debtor's estate and its Debtor's managing agent Jeffrey B. Crevoiserat on the one hand and the Debtor's pre-Petition lenders Adhara Aerospace and Defense LLC/Pasadena Private Lending, LLC ("Adhara") and the Debtor's president Jim Pease on the other hand; however, these unusual facts do not warrant the appointment of a chapter 11 Trustee.  Mr. Crevoiserat is clear that his fiduciary duties lie with the bankruptcy estate and he has, since the outset of the chapter 11 case, advocated for the employment of an independent Chief Restructuring Officer to calm the concerns voiced by Adhara and in light of his significant pre-Petition claims for loans that he made to the Debtor.  Mr. Pease, despite his concerns, is working with the Debtor to continue its operations.[2]

Right now, the Debtor's business prospects are improving and the appointment of a Trustee is unwarranted because:

1. The Debtor is current on its Monthly Operating Reports (it is keeping adequate records);
2. The Debtor is fully insured;
3. The Debtor's business model has improved;
4. The Debtor's most recent financial report to the Court is accurate;
5. The value of the Debtor's assets are not diminishing; and
6. The Debtor will timely propose a reorganizing chapter 11 plan.

The Debtor admits that the first weeks of its chapter 11 case were difficult, but there was no fraud, dishonesty, incompetence, or gross mismanagement that warrants appointment of a trustee.

///

///

---

[1] This response is based on the annexed Declaration of Jeffrey B. Crevoiserat and the record of the instant chapter 11 case.

[2] Mr. Pease has retained highly knowledgeable bankruptcy counsel which has assisted in communications between the Debtor and Mr. Pease.

## II.

## STANDARD FOR APPOINTMENT OF A TRSUTEE HAS NOT BEEN MET

11 U.S.C. Section 1104(a) that prior to confirmation of a chapter 11 plan "on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee — (1) for cause . . . or (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate. "Cause" includes "fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management … or similar cause." 11 U.S.C. Section 1104(a)(1).

The standard to appoint a chapter 11 trustee is very high, especially during the first months of a chapter 11 case. ("The appointment of a trustee in a chapter 11 case is an extraordinary remedy, and there is a strong presumption in favor of allowing the debtor to remain in possession." *In re Heck's Props*., 151 B.R. 739, 756 (S.D. W. Va. 1992). *In re Taub*, 427 B.R. 208, 225 (Bankr. E.D.N.Y. 2010) ("The appointment of a trustee is an unusual remedy and '[t]he standard for § 1104 appointment is very high . . . .'" (quoting *Adams v. Marwil* (*In re Bayou Grp., LLC*), 564 F.3d 541, 546 (2d Cir. 2009))). In considering the appointment of a trustee, the ultimately should conduct a cost/benefit analysis and "balance the benefit to be gained from such an appointment against the detriment to the reorganization effort and the rights of the debtor that may result from such an appointment." *In re Hamilton* , No. 11–07491, 2012 WL 2204904, at *3 (Bankr. E.D.N.C. June 14, 2012) (quoting 7 Collier on Bankruptcy ¶ 1104.02[3][b] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)). The appointment of a trustee is not warranted where "fraud and dishonesty have been alleged but not proven." *In re Concord Coal Corp.*, 11 B.R. 552, 553 (Bankr. S.D. W. Va. 1981)

This high standard has not been met. There is no evidence of fraud, incompetence or gross mismanagement. The bookkeeping issues, which are not unusual in the first weeks of a chapter 11 case when a small business debtor is transitioning to the requirements of a debtor-in-possession (and especially here with opposition by Adhara to every action taken by the Debtor in the first months of the case), have been resolved. The

budget filed with the Court on November 18, 2024 [ECF Dkt. No. 112] is accurate, the Debtor is providing herewith the updated report which includes actual numbers through November 23, 2024.

As to the financial condition of the Debtor, the Debtor's accounts receivables are relatively the same as the Petition Date, cash is also stable. Importantly, the Debtor is converting more materials to finished goods because some customers are willing to purchase materials to finish goods (relieving the Debtor of this cash outlay). The Debtor's business has stabilized and as set forth in the annexed declaration, is improving, with the potential for large sales to Boeing and Spirit AeroSystems in the near future.

The Debtor should therefore be allowed to continue in possession and propose its reorganizing chapter 11 plan.

**WHEREFORE,** the Debtor respectfully request that the Court discharge its Order to Show Cause.

Respectfully submitted this 6th day of December, 2024

JEFFREY S. SHINBROT, APLC

By:/s/Jeffrey S. Shinbrot
JEFFREY S. SHINBROT, ESQ.
Reorganization Counsel for
Debtor-In-Possession

## DECLARATION OF JEFFREY B. CREVOISERAT

I, JEFFREY B. CREVOISERAT, declare as follows:

1. I am over the age of eighteen and I am the managing agent of Skylock Industries' chapter 11 case. As to the following facts, I know them of my own personal knowledge, except where stated on information and belief, and if called as a witness, I could and would testify as set forth herein. I am one of the custodians of the books and records of the Debtor and I have gained knowledge of such records which were made at or about the time of the events recorded, and which were maintained in the ordinary course of the Debtor's business at or near the time of such acts, conditions or events to which they relate, any such document was prepared in the ordinary course of the business of the Debtor by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.

2. On September 26, 2024 ("Petition Date"), Skylock Industries (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code"). The Debtor is continuing in the operation and management of its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

### Facts Relevant to the OSC

3. I am the Chairman of the Board of Directors of the Debtor and I was appointed by the Debtor's board of directors, including by board member Jim Pease, to be the managing agent of the Debtor in this bankruptcy case.

4. Mr. Pease has been the day to day manager of the Debtor's business operations for many years. My education, experience and background is in finance, including in distressed assets, and I understand my fiduciary duties to the bankruptcy estate and I believe that I am well suited to be the Debtor's managing agent while Mr. Pease manages the Debtor's manufacturing operations.

5. Nonetheless, from the outset of the case, I have advocated for the employment of an independent Chief Restructuring Officer to calm the vitriol from



Adhara and in light of my significant pre-Petition claims for loans that I made to the Debtor.

6. The Debtor's business prospects are improving and the Debtor is current on its Monthly Operating Reports (it is keeping adequate records), the Debtor is fully insured, the Debtor's business model has improved, the Debtor's most recent financial report to the Court is accurate and the value of the Debtor's assets are stable.

7. The Debtor is currently attempting to negotiate a consensual plan, but in any event will timely propose a reorganizing chapter 11 plan.

8. The first weeks of the Debtor's chapter 11 case were difficult as we were dealing with transition to post-Petition operations; however, I believe that the Debtor's most recent projections filed with the Bankruptcy Court and the projections (with actual numbers where indicated), annexed hereto as Exhibit 1 are accurate.

9. The Debtor's business model has improved since the bankruptcy filings. The Debtor is converting more materials to finished goods because some customers are willing to purchase materials, relieving the Debtor of this cash outlay. One specific example is a customer who recently agreed to fund the purchase of approximately $11,000 of raw materials to be used in completing assemblies that the customer has on order to and which will result in $276,000 in sales once that order is completed. This same customer has an additional $400,000 of orders for which the customer has tentatively agreed to purchase raw materials

10. I am also informed that Mr. Pease is working on sales to Boeing and Spirit AeroSystems that may result in total sales of between $500,000 and 750,000 in the near future.

I declare penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 6, 2024 at Milan, Italy.

Jeffrey B. Crevoiserat

EXHIBIT 1

## SKYLOCK INDUSTRIES
*Cash Flow Forecast*

| | 7-Nov-24 | (9 - Days) | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Week Ending 2024:** | | **5-Oct** | **12-Oct** | **19-Oct** | **26-Oct** | **2-Nov** | **9-Nov** | **16-Nov** | **23-Nov** | **30-Nov** | **7-Dec** | **14-Dec** | **21-Dec** | **28-Dec** |
| | | (Actual) | (Actual) | (Actual) | (Actual) | (Actual) | (Actual) | (Actual) | (Actual) | | | | | |
| **Accounts Receivable Summary:** | | | | | | | | | | | | | | |
| Beginning AR | | 439,607 | 512,020 | 512,152 | 513,759 | 488,815 | 487,017 | 413,918 | 420,914 | 440,439 | 453,849 | 429,820 | 414,305 | 332,237 |
| Sales (Assume Boeing Strike into November) | | 128,495 | 83,775 | 36,306 | 51,151 | 16,804 | 72,440 | 52,987 | 68,817 | 32,551 | 51,613 | 80,000 | 10,000 | 50,000 |
| Collections | | (55,950) | (83,644) | (34,699) | (76,095) | (18,602) | (145,539) | (45,991) | (49,293) | (19,140) | (75,642) | (95,516) | (92,068) | (73,830) |
| Ending AR | | 512,152 | 512,152 | 513,759 | 488,815 | 487,017 | 413,918 | 420,914 | 440,439 | 453,849 | 429,820 | 414,305 | 332,237 | 308,407 |
| | (Sept 27th) | | | | | | | | | | | | | |
| **Beginning Cash** Skylock Accounts | 19,217 | 32,520 | 30,685 | 20,859 | 36,150 | 9,153 | 89,022 | 39,282 | 29,822 | 11,011 | 23,390 | 41,223 | 59,532 |
| | | | | | | | | | | | | | | |
| **Cash Receipts** | | | | | | | | | | | | | | |
| Short-Term Loan (shareholders) | | | | | | | | | | | | | | |
| Short-Term Credit Facility (DIP Financing)) | | | | | | | | | | | | | | |
| Proceeds Equipment Sales and Spirit Sales | | | | | | | | | | | 0 | | | |
| Shareholder Capital Investment | | | | | | | | | | | | | | |
| A/R Collections estimated | | 55,950 | 83,644 | 34,699 | 76,095 | 18,602 | 145,539 | 45,991 | 49,293 | 29,289 | 75,642 | 95,516 | 92,068 | 73,830 |
| **Total Cash Receipts** | | 55,950 | 83,644 | 34,699 | 76,095 | 18,602 | 145,539 | 45,991 | 49,293 | 29,289 | 75,642 | 95,516 | 92,068 | 73,830 |
| | | | | | | | | | | | | | | |
| **Recurring Fixed Expenditures** | | | | | | | | | | | | | | |
| ADEQUATE PROTECTION PAYMENT - SBA | | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 2,512 | 0 | 0 | 0 |
| PROFESSIONAL FEE CARVE-OUT (subject to court approval) | | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 10,000 | 0 |
| U.S TRUSTEE FEE (Deposit) | | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 250 |
| RENT EXPENSE | | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 5,000 | 0 | 0 | 16,000 |
| SHIPPING OUR | | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| HEALTH/MEDICAL AND OTHER BENEFITS | | 0 | 27,727 | 0 | 11,270 | 0 | 4,229 | 24,437 | 0 | 0 | 0 | 24,437 | 0 | 0 |
| NON-INSIDER PAYROLL  (3 weeks) | | 12,991 | 11,262 | 12,170 | 19,356 | 18,937 | 18,628 | 18,628 | 18,628 | 22,177 | 18,628 | 18,628 | 18,628 | 18,628 |
| INSIDER PAYROLL - Subject to UST Notice of Insider Comp | | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| LEGAL and  PROF FEES | | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 3,000 | 0 | 0 | 0 |
| INSURANCE (Including Workman's Comp) | | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 5,124 | 0 | 4,214 | 0 | 0 | 0 |
| UTILITIES AND PHONE ($5,000 DIP Deposit) | | 0 | 5,000 | 0 | 0 | 0 | 5,000 | 11,304 | 0 | 0 | 0 | 0 | 2,124 | 8,200 |
| AUTO EXPENSE | | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| REPAIRS & MAINTANANCE | | 0 | 0 | 0 | 0 | 0 | 600 | 0 | 0 | 500 | 500 | 500 | 500 | 500 |
| COMPUTER, SOFTWARE & SUBSCRIPTIONS | | 448 | 47 | 351 | 0 | 1,068 | 37 | 0 | 40 | 100 | 100 | 100 | 100 | 100 |
| INTEREST (SBA PAYMENTS - Adequate Protection) | | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| LICENSES, FEES, OFFICE & OTHER | | 0 | 714 | 580 | 121 | 354 | 786 | 1,014 | 3,389 | 500 | 500 | 500 | 500 | 500 |
| **Total Fixed Costs** | | 13,439 | 44,750 | 13,101 | 30,747 | 20,359 | 29,279 | 55,383 | 27,181 | 23,277 | 34,454 | 44,165 | 31,852 | 44,178 |
| | | | | | | | | | | | | | | |
| **Variable Manufacturing Costs** | | | | | | | | | | | | | | |
| RAW MAT.. & HARDWARE | | 7,458 | 4,586 | 2,672 | 7,396 | 4,273 | 12,847 | 6,129 | 6,637 | 2,500 | 3,964 | 6,144 | 768 | 3,840 |
| RAW MAT.. & HdARDWARE -RESTOCK PURCHASES | | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 20,000 | |
| MANUFACTURING WAGES | | 12,465 | 13,890 | 19,653 | 11,801 | 10,290 | 11,200 | 11,148 | 11,148 | 13,222 | 11,148 | 11,148 | 11,148 | 11,148 |
| OUTSIDE PROCESSING & INDEP CONTRACTORS | | 9,285 | 22,252 | 9,100 | 10,571 | 10,677 | 12,344 | 20,059 | 13,366 | 9,100 | 12,197 | 13,900 | 9,700 | 12,100 |
| SMALL TOOLS | | 0 | 0 | 0 | 0 | 0 | 0 | 1,368 | 421 | 0 | 0 | 0 | 0 | 0 |
| MANUFACTURING SUPPLIES | | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| FREIGHT AND SHIPPING | | 0 | 0 | 0 | 290 | 0 | 0 | 1,644 | 0 | 0 | 1,500 | 2,325 | 291 | 1,453 |
| **Total Variable Costs** | | 29,208 | 40,728 | 31,425 | 30,057 | 25,239 | 36,391 | 40,348 | 31,572 | 24,822 | 28,809 | 33,518 | 41,907 | 28,542 |
| | | | | | | | | | | | | | | |
| **Net Cash at End of Period** | | 32,520 | 30,685 | 20,859 | 36,150 | 9,153 | 89,022 | 39,282 | 29,822 | 11,011 | 23,390 | 41,223 | 59,532 | 60,643 |
| | | | | | | | | | | | | | | |
| **Net Change in Cash** | | 13,303 | (1,835) | (9,826) | 15,291 | (26,997) | 79,868 | (49,739) | (9,460) | (18,811) | 12,379 | 17,833 | 18,309 | 1,111 |

| 4-Jan | 11-Jan | 18-Jan | 25-Jan | 1-Feb | 8-Feb | 15-Feb |
|---|---|---|---|---|---|---|
| 308,407 | 359,872 | 414,900 | 457,700 | 515,989 | 561,325 | 596,586 |
| 120,000 | 135,000 | 135,000 | 160,000 | 160,000 | 160,000 | 160,000 |
| (68,535) | (79,972) | (92,200) | (101,711) | (114,664) | (124,739) | (132,575) |
| 359,872 | 414,900 | 457,700 | 515,989 | 561,325 | 596,586 | 624,011 |
| | | | | | | |
| 60,643 | 62,572 | 40,739 | 45,447 | 41,979 | 87,617 | 116,404 |
| | | | | | | |
| 68,535 | 79,972 | 92,200 | 101,711 | 114,664 | 124,739 | 132,575 |
| 68,535 | 79,972 | 92,200 | 101,711 | 114,664 | 124,739 | 132,575 |
| | | | | | | |
| 2,512 | 0 | 0 | 0 | 2,512 | 0 | 0 |
| 0 | 0 | 0 | 10,000 | 0 | 0 | 0 |
| 0 | 0 | 0 | 250 | 0 | 0 | 0 |
| 0 | 5,000 | 0 | 16,000 | 0 | 5,000 | 0 |
| 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 0 | 24,437 | 0 | 0 | 0 | 24,437 | 0 |
| 18,628 | 18,628 | 18,628 | 18,628 | 18,628 | 18,628 | 18,628 |
| 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 0 | 0 | 3,000 | 0 | 0 | 0 | 3,000 |
| 4,214 | 0 | 0 | 4,214 | 0 | 0 | 0 |
| 0 | 0 | 2,124 | 8,200 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 500 | 500 | 500 | 500 | 500 | 500 | 500 |
| 100 | 100 | 100 | 100 | 100 | 100 | 100 |
| 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 500 | 500 | 500 | 500 | 500 | 500 | 500 |
| 26,454 | 49,165 | 24,852 | 58,392 | 22,240 | 49,165 | 22,728 |
| | | | | | | |
| 9,216 | 10,368 | 10,368 | 12,289 | 12,289 | 12,289 | 12,289 |
| | 10,000 | 20,000 | | | | |
| 11,148 | 11,148 | 11,148 | 11,148 | 11,148 | 11,148 | 11,148 |
| 16,300 | 17,200 | 17,200 | 18,700 | 18,700 | 18,700 | 18,700 |
| 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 3,488 | 3,923 | 3,923 | 4,650 | 4,650 | 4,650 | 4,650 |
| 40,152 | 52,640 | 62,640 | 46,787 | 46,787 | 46,787 | 46,787 |
| | | | | | | |
| 62,572 | 40,739 | 45,447 | 41,979 | 87,617 | 116,404 | 179,464 |
| | | | | | | |
| 1,929 | (21,833) | 4,708 | (3,467) | 45,637 | 28,787 | 63,060 |

PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

15260 Ventura Blvd., Suite 1200
Sherman Oaks, CA  91403

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S RESPONSE TO COURT'S OSC RE. APPOINTMENT OF A CHAPTER 11 TRUSTEE:** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below.

**X  1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/6/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kathryn M.S. Catherwood**    kcatherwood@grsm.com, mbrookman@grsm.com;asoto@grsm.com;jswanson@grams.com
- **Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com,andrea@flpllp.com
- **Nicolino Iezza**    niezza@spiwakandiezza.com
- **David Leichtman**    dleichtman@leichtmanlaw.com
- **Misty A Perry Isaacson**    misty@ppilawyers.com, ecf@ppilawyers.com;pagterandperryisaacson@jubileebk.net
- **Christopher J Petersen**    chris.petersen@blankrome.com, evelyn.rodriguez@blankrome.com
- **Matthew D Pham**    mpham@allenmatkins.com, mdiaz@allenmatkins.com
- **David Samuel Shevitz**    David.S.Shevitz@usdoj.gov
- **Jeffrey S Shinbrot**    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com;tanya@shinbrotfirm.com
- **Rachel P Stoian**    stoian.rachel@dorsey.com, stell.laura@dorsey.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Shane Wax**    swax@leichtmanlaw.com
- **Courina Yulisa**    yulisa.courina@dorsey.com
- 

    **SERVED BY UNITED STATES MAIL**:  On (*date*) 12/6/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Additional service list attached.

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*), I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF SERVICE**

the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/6/2024 | Sandra Rodriguez | /s/Sandra Rodriguez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF SERVICE**