Jeffrey S. Shinbrot, Esquire (SBN 155486)
JEFFREY S. SHINBROT, APLC
15260 Ventura Blvd., Suite 1200
Sherman Oaks, CA 91403
Telephone: (310) 659-5444
Fax: (310) 878-8304
Attorneys for Debtor and Debtor-in-Possession

**FILED & ENTERED**

**MAR 14 2025**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SKYLOCK INDUSTRIES<br><br>Chapter 11 Debtor and Debtor-in-possession. | Bankruptcy Case No.: 2:24-bk-17820-BB<br><br>Chapter 11<br><br>**ORDER**<br><br>**(A)  GRANTING DEBTOR'S MOTION FOR AUTHORITY TO SELL SUBSTANTIALLY ALL OF ITS ASSETS TO ADHARA AEROSPACE & DEFENSE, LLC;**<br><br>**(B)  AUTHORIZING SALE FREE AND CLEAR OF CERTAIN LIENS, CLAIMS AND ENCUMBRANCES &**<br><br>**(C)  DETERMINING THAT ADHARA AEROSPACE & DEFENSE, LLC IS A GOOD FAITH PURHCASER PURSUANT TO 11 U.S.C. § 363(m).**<br><br>Hearing Date/Time/Place<br><br>**Date:**  March 12, 2025<br>**Time:**  1:00 p.m.<br>**Place:**  255 East Temple Street<br>           Los Angeles, California 90012,<br>           Courtroom 1539 |

-1-

4910-2968-2727\7

On March 12, 2025, on the 1:00 p.m. Calendar, in Courtroom 1539 of the United States Bankruptcy Court located at 255 E. Temple Street, Los Angeles, California 90012, the Honorable Sheri Bluebond, United States Bankruptcy Judge, conducted a hearing on the Debtor's MOTION FOR ORDER: (1) APPROVING ASSET PURCHASE AGREEMENT; (2) APPROVING THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR; (3) APPROVING OVERBID PROCEDURES (the "Motion"), which was filed on February 19, 2025, at ECF Dkt. No. 208, by chapter 11 debtor Skylock Industries (the "Debtor"); appearances were made as stated on the record at the time of hearing. The Court, having considered the Motion, all pleadings filed in support thereof and in opposition or response thereto, argument made by counsel at the time of hearing on the Motion, good cause appearing, for the reasons stated in the Motion and pleadings filed in support of the Motion and made on the record, and due and adequate notice of the Motion and Procedures Order having been given, finds and directs as follows:

A.     The findings of facts and conclusions of law made by the Court on the record at the time of hearing on the Motion are incorporated herein by this reference.

B.     The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O).  Venue is proper in the Court under 28 U.S.C. §§ 1408 and 1409.  This Court has authority to enter this Order as a final judgment.

C.     The statutory bases for the relief requested in the Motion are 11 U.S.C. §§ 105, 363, 365 and 506(a), Federal Rules of Bankruptcy Procedure 2002(a), 2002(c), 3012, 6004 and 6006, and the Local Bankruptcy Rules for the Central District of California.

D.     On September 26, 2024, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code and is operating as a debtor-in-possession.

E.     The Motion sought authority to sell substantially all of the assets of the Debtor pursuant to Section 363 of the Bankruptcy Code, and the assets were adequately described in the Motion and Asset Purchase Agreement (the "APA") filed on March 3, 2025 at ECF Dkt.

No. 222 and which defined the assets to be sold as the "Acquired Assets".[1]

F.    A hearing was held by the Bankruptcy Court on March 12, 2025 to consider the Motion (the "Sale Hearing").

G.    The Debtor provided timely, adequate and sufficient notice of the Motion, the APA and the Sale Hearing to all parties entitled to notice. No other further notice is required.

H.    The bid procedures set forth in the Motion and the Debtor's marketing efforts were fair and reasonable under the circumstances of the Debtor's chapter 11 case.

I.    The sale to ADHARA AEROSPACE & DEFENSE, LLC or its assignee under the APA (the "Buyer") in accordance with the terms of the APA (i) is fair and reasonable, (ii) is supported by the Debtor's sound business judgment, and (iii) is in the best interests of the Debtor's bankruptcy estate (the "Estate") and its creditors.

J.    The consideration to be paid by the Buyer under the terms of the APA (i) is fair and reasonable, (ii) represents the highest and best offer for the purchase of the Acquired Assets, (iii) will provide the best price obtainable for the Acquired Assets and a greater recovery for the Estate's creditors than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration for the Acquired Assets.

K.    The Debtor has articulated sound business reasons for entering into the APA and for selling the Acquired Assets on the terms and conditions set forth in the APA, and it is a reasonable exercise of the Debtor's business judgment to execute, deliver and consummate the transactions contemplated by the APA. The sale does not constitute an impermissible *sub rosa* plan.

L.    The APA was negotiated and entered into in good faith, without collusion and at arm's-length. The Buyer is a "good faith" purchaser within the meaning of Section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. Neither the Debtor nor the Buyer have engaged in any conduct that would constitute grounds for the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the APA.

4910-2968-2727\7

APA to be avoided or costs and damages to be imposed under Section 363(n) of the Bankruptcy Code.

M. The Buyer is not a successor-in-interest to, mere continuation of or alter ego of the Debtor and should not have any successor, merger or transferee liability for any obligations or liabilities of the Debtor or its Estate as a result of the purchase of the Acquired Assets.

N. Any party with a lien or security interest in the Acquired Assets has consented to the sale of thereof pursuant to the terms of the APA and this Order, or the conditions for a sale of the Acquired Assets free and clear of liens, claims, interests and encumbrances pursuant to Section 363(f) have been satisfied.  Accordingly, the Debtor may sell the Acquired Assets to the Buyer free and clear of all liens, mortgages, pledges, security interests, security trusts, encumbrances, claims (as defined by 11 U.S.C § 101(5)), taxes, licenses, or charges of any kind (collectively, "<u>Liens and Claims</u>").

O. The Buyer would not have entered into the APA and would not consummate the transactions contemplated by the APA, thus adversely affecting the Debtor's Estate and its creditors, if the sale of the Acquired Assets was not free and clear of all Liens and Claims.

P. Effective as of the Closing (as defined in the APA), the sale and transfer of the Acquired Assets in accordance with the terms and conditions of the APA and this Order (i) will constitute a legal, valid and effective transfer of the Acquired Assets and (ii) will vest the Buyer with all right, title and interest in and to the Acquired Assets free and clear of all Liens and Claims.

Q. This Order constitutes a final Order within the meaning of 28 U.S.C. §158(a).

**NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Findings of Fact set forth above be, and the same hereby are, ratified and adopted as findings of the Court.  To the extent any such findings are deemed to be conclusions of law or are decretal in character, then such conclusions or decrees are hereby confirmed. Where appropriate herein, findings of fact shall be deemed conclusions of law and conclusions of law shall be deemed filings of fact.

2. The Motion is **GRANTED** in all respects.

3. All objections to the Motion or the relief requested therein that have not been withdrawn with prejudice, waived or settled, and reservations of rights included therein, or to the extent not otherwise resolved as reflected in this Order, are overruled on the merits. All parties who did not object, or who withdrew their objections, to the Motion are deemed to have consented pursuant to Code Section 363(f)(2). The limited opposition filed by DSI Automotive Services, Inc. ("DSI"), [ECF Dkt. No. 21], and the opposition filed by the Mitsubishi HC Capital America Inc. ("Mitsubishi"), [ECF Dkt. No. 212], have been resolved as set forth below.

4. The bid procedures set forth in the Motion were reasonable and appropriate and ensured that the Debtor obtained the highest and best offer for the Acquired Assets. No competing bids were received and the concerns raised by the United States Trustee in their limited objection to the Motion [ECF Dkt. No. 211] are thus moot.

5. If the sale of the Acquired Assets does not close due to no fault of the Buyer, then Buyer's emergency loan of $150,000 to the Debtor, paid in the form of the Cash Deposit, shall be deemed an administrative claim of the Debtor's bankruptcy estate, entitled to priority over other chapter 11 administrative claims.

6. The APA, all related documents, all transactions contemplated thereby, and all of the terms and conditions thereof, are hereby **APPROVED**.

7. Pursuant to Section 363(b) of the Bankruptcy Code, the Debtor is authorized, directed and empowered to take any and all actions necessary or appropriate to:

    a. Consummate, as set forth in the APA, and this Order, the sale to the Buyer of the Acquired Assets;

    b. Close the sale as contemplated in the APA;

    c. Execute and deliver, perform under, consummate, implement and close fully the proposed sale transaction contemplated in the APA, together with all additional instruments and documents that may be reasonably necessary

-5-

4910-2968-2727\7

or desirable to implement the APA and the sale, including, without limitation, any other ancillary documents, or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the APA and such other ancillary documents.

d. Without limiting its other rights under this Order, the Debtor is authorized to execute and deliver all documents necessary to consummate the sale of the Acquired Assets and close escrow on behalf of the Debtor and the Debtor's Estate, and to take any and all actions on behalf of the Debtor and the Estate to consummate and close the sale and/or to effectuate the transaction and matters relating thereto or thereunder and under the APA. Without limiting the rights of the Debtor, the Debtor and its respective agents and representatives shall cooperate with respect to consummation of the sale and shall not take any action to interfere with the implementation or administration of the sale.

8. The Acquired Assets shall not include the following two pieces of equipment subject to a lien (or liens) in favor of Sumitomo Mitsui Finance and Leasing Company Limited: (a) Haas VF 3YT/50 Vertical Machining Center SN 114907 with HRT210 SN 235203 and attachments and accessories; and (b) Haas VF 3YT/50 Vertical Machining Center SN 114535 With Haas CNC control and attachments and accessories.

9. Pursuant to Section 363(f) of the Bankruptcy Code, the sale of the Acquired Assets to the Buyer shall be free and clear of any and all Liens and Claims of whatsoever nature, character or kind, whether arising prior to or subsequent to the date hereof, including, but not limited to, (i) the junior lien held by DSI and detailed in proof of claim no. 18 and (ii) the secured claim of Mitsubishi as detailed in proof of claim no. 6 (the "Mitsubishi Claim"). As is relates specifically to the Mitsubishi Claim, and as a condition of allowing the sale of its collateral, (a) at or prior to Closing, the Buyer shall pay Mitsubishi the sum of $72,500 by wire transfer, and upon receipt of such payment, the collateral shall be transferred to Buyer free and

clear of Mitsubishi's liens and, Mitsubishi shall amend the Mitsubishi Claim to reflect a credit on the balance owed in the amount of the foregoing payment; and (b) Mitsubishi's financing contracts with the Debtor will not be included in the Assumed Contracts under the APA, but shall remain as a general unsecured claim of the Debtor, including as set forth in the Mitsubishi Claim. All Liens and Claims shall otherwise be unconditionally and irrevocably released, discharged and terminated as to the Acquired Assets.

10. Effective upon the Closing of the sale of the Acquired Assets to the Buyer, all holders of Liens and Claims other than the Assumed Liabilities are hereby barred and permanently enjoined from in any way asserting or pursuing such Liens and Claims against the Buyer, the Buyer's successors or assigns, the Acquired Assets and/or any other assets of the Buyer or its successors and assigns, or any successor-in-title to all or any portion of the Acquired Assets. All persons and entities, including, without limitation, all debt security holders, all equity security holders, each of the Debtor, its employees or former employees, governmental, tax, and regulatory or investigatory authorities of any sort, contract counterparties, licensees, lenders, parties to or beneficiaries under any benefit plan, trade and other creditors asserting or holding any Liens and Claims of any kind and every kind whatsoever against, in or with respect to the Debtor, its business, or all or any part of the Acquired Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to the Debtor, all or any part of the Acquired Assets, the operation of the Debtor's business prior to the closing date, or the transfer of the Acquired Assets to the Buyer (including any rights or claims based on any successor or transferee liability), shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such Liens and Claims, whether by payment, setoff, or otherwise, directly or indirectly, against the Buyer or any affiliate, successor, or assign thereof, or against the Acquired Assets. Following the Closing of the sale of the Acquired Assets to the Buyer, no holder of any Liens and Claims shall interfere with the Buyer's title to or use and enjoyment of

the Acquired Assets based on or related to any such Liens and Claims or based on any action the Debtor may have taken or may take in the future.

11. **THE BUYER SHALL NOT HAVE ANY SUCCESSOR OR TRANSFEREE LIABILITY OF ANY KIND FOR ANY LIABILITY OR OTHER OBLIGATION OF THE DEBTOR AS A RESULT OF THE PURCHASE OF THE ACQUIRED ASSETS EXCEPT AS STATED IN THE APA.**

12. The Buyer shall purchase the Acquired Assets in their "as-is" condition as of the date of the Closing Date, and the Buyer expressly assumes all risks, obligations and liabilities arising from, and in any way related to, the Acquired Assets, after the Closing Date.

13. The Carve-Out (as defined in the APA), shall constitute unencumbered cash of the Debtor's estate.

14. The Debtor and the Buyer acted in good faith, and the Buyer is hereby adjudicated to be good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code, and is entitled to the protections afforded by Section 363(m) of the Bankruptcy Code.

15. Pursuant to Sections 105(a), 363, and 365 of the Bankruptcy Code, and subject to and conditioned upon the Closing Date, the Debtor's assumption and assignment to the Buyer, the Buyer's assumption on the terms set forth in the APA of the Assumed Contracts is approved in its entirety, and the requirements of Section 365 of the Bankruptcy Code with respect thereto are hereby deemed satisfied.

16. As it relates specifically to the Debtor's lease of certain equipment from DSI dated July 18, 2022 and described in proof of claim no. 19 filed by DSI, the term of such lease shall be extended by fifteen (15) months and require monthly rent of $1,000 (as amended, the "DSI Lease"). The Debtor shall assume the DSI Lease and assign all of the Debtor's rights, title, and interest in the DSI to the Buyer as an Assumed Contract under the APA, and the Buyer shall cure any and all defaults under the DSI Lease through payment of $50,000 to DSI at or upon the Closing.

17. The Debtor and the Buyer, in their discretion, shall have the authority to modify

and/or supplement the APA and any ancillary documents, without the requirement of further approval of the Court, so long as any modification and/or supplement is not material and is not inconsistent with the terms of this Order.

18. If there is a conflict between the terms of the APA or the terms of this Order, the terms of this Order shall control.

19. This Order shall be binding upon, and shall inure to the benefit of, the Debtor, the Debtor's estate, its creditors, the Buyer, successors-in-title to all or any portion of the Acquired Assets, all third parties affected by this Order (including but not limited to any third parties asserting Liens and Claims) and the respective successors and assigns of such parties and, notwithstanding 11 U.S.C. Section 349, this Order shall not be vacated if the Debtor's chapter 11 case is dismissed. This Order also shall be binding upon any subsequently appointed trustee, examiner or receiver under any chapter of the Bankruptcy Code or any other law and shall not be subject to rejection or avoidance. Nothing contained in any order entered in this case subsequent to entry of this Order shall conflict with or derogate from the provisions of the APA or the terms of this Order.

20. This Order may be presented to and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, escrow agents, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, federal, state and local governmental agencies or departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Acquired Assets; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA.

21. The failure specifically to include any particular provision of the APA in this

Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court that the APA is authorized and approved in its entirety.

22. The transactions authorized herein shall be of full force and effect, regardless of the Debtor's standing in any jurisdiction in which such Debtor is formed or authorized to transact business.

23. Notwithstanding Bankruptcy Rules 9023 and 9024, the Debtor and the Buyer may seek a supplemental order to address any non-material modifications requested by any title company in connection with Closing by following the procedures for proposed orders set forth in Local Rule 9021-1(b)(3). Any such order requested or subsequently entered by the Court shall not affect the finality of this Order.

24. The Bankruptcy Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the APA, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtor or the Debtor's Estate are a party or which will be assigned by the Estate to the Buyer, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the sale.

25. The Bankruptcy Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

**IT IS SO ORDERED.**

###

Date: March 14, 2025

Sheri Bluebond
United States Bankruptcy Judge

**Approved as to Form and Substance**

Dated: March 13, 2025

DORSEY & WHITNEY LLP

By: _____
    Rachel P. Stoian
Attorneys for Adhara Aerospace & Defense LLC
and Pasadena Private Lending Inc.

Dated: March 13, 2025

GORDON REES SCULLY MANSUKHANI

By: /s/ Kathryn M.S. Catherwood
    Kathryn M.S. Catherwood
Attorneys for Mitsubishi HC Capital America, Inc.

Dated: March 13, 2025

ALLEN MATKINS LECK GAMBLE
MALLORY & NASTIS LLP

By: _____
    Matthew D. Pham
Attorneys for DSI Automotive Services, Inc.

Dated: March 13, 2025

OFFICE OF THE UNITED STATES TRUSTEE
FOR REGION 16

By: _____
    David S. Shevits
    Trial Attorney

Dated: March 13, 2025

KYE Law Group, P.C.

By: _____
    Matthew F. Kye
Attorneys for Sumitomo Mitsui Finance and
Leasing Company Limited

-11-

4910-2968-2727;6

**Approved as to Form and Substance**

Dated: March 14, 2025

DORSEY & WHITNEY LLP

By: _____
    Rachel P. Stoian
Attorneys for Adhara Aerospace & Defense LLC
and Pasadena Private Lending Inc.

Dated: March 13, 2025

GORDON REES SCULLY MANSUKHANI

By: _____
    Kathryn M.S. Catherwood
Attorneys for Mitsubishi HC Capital America, Inc.

Dated: March 14, 2025

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: _____/s/ Matthew D. Pham_____
    Matthew D. Pham
Attorneys for DSI Automotive Services, Inc.

Dated: March 14, 2025

OFFICE OF THE UNITED STATES TRUSTEE
FOR REGION 16

By: _____
    David S. Shevitz
    Trial Attorney

Dated: March 14, 2025

KYE Law Group, P.C.

By: _____
    Matthew F. Kye
Attorneys for Sumitomo Mitsui Finance and
Leasing Company Limited

-11-

4910-2968-2727\7

**Approved as to Form and Substance**

Dated: March 14, 2025

DORSEY & WHITNEY LLP

By: _____
    Rachel P. Stoian
Attorneys for Adhara Aerospace & Defense LLC
and Pasadena Private Lending Inc.

Dated: March 13, 2025

GORDON REES SCULLY MANSUKHANI

By: _____
    Kathryn M.S. Catherwood
Attorneys for Mitsubishi HC Capital America, Inc.

Dated: March 14, 2025

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: _____
    Matthew D. Pham
Attorneys for DSI Automotive Services, Inc.

Dated: March 14, 2025

OFFICE OF THE UNITED STATES TRUSTEE
FOR REGION 16

By: /s/ David S. Shevitz
    David S. Shevitz
    Trial Attorney

Dated: March 14, 2025

KYE Law Group, P.C.

By: _____
    Matthew F. Kye
Attorneys for Sumitomo Mitsui Finance and
Leasing Company Limited

-11-

4910-2968-2727\7

**Approved as to Form and Substance**

Dated: March 14, 2025

DORSEY & WHITNEY LLP

By: _____
    Rachel P. Stoian
Attorneys for Adhara Aerospace & Defense LLC
and Pasadena Private Lending Inc.

Dated: March 13, 2025

GORDON REES SCULLY MANSUKHANI

By: _____
    Kathryn M.S. Catherwood
Attorneys for Mitsubishi HC Capital America, Inc.

Dated: March 14, 2025

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: _____
    Matthew D. Pham
Attorneys for DSI Automotive Services, Inc.

Dated: March 14, 2025

OFFICE OF THE UNITED STATES TRUSTEE
FOR REGION 16

By: _____
    David S. Shevitz
    Trial Attorney

Dated: March 14, 2025

KYE Law Group, P.C.

By: /s/ Matthew F. Kye
    Matthew F. Kye
Attorneys for Sumitomo Mitsui Finance and
Leasing Company Limited

-11-

4910-2968-2727.7

**Approved as to Form and Substance**

Dated: March 14, 2025                    DORSEY & WHITNEY LLP

                                         By: _____
                                             Rachel P. Stoian
                                         Attorneys for Adhara Aerospace & Defense LLC
                                         and Pasadena Private Lending Inc.


Dated: March 13, 2025                    GORDON REES SCULLY MANSUKHANI

                                         By: _____
                                             Kathryn M.S. Catherwood
                                         Attorneys for Mitsubishi HC Capital America, Inc.


Dated: March 14, 2025                    ALLEN MATKINS LECK GAMBLE
                                         MALLORY & NATSIS LLP

                                         By: _____
                                             Matthew D. Pham
                                         Attorneys for DSI Automotive Services, Inc.


Dated: March 14, 2025                    OFFICE OF THE UNITED STATES TRUSTEE
                                         FOR REGION 16

                                         By: _____
                                             David S. Shevitz
                                             Trial Attorney


Dated: March 14, 2025                    KYE Law Group, P.C.

                                         By: _____
                                             Matthew F. Kye
                                         Attorneys for Sumitomo Mitsui Finance and
                                         Leasing Company Limited

4910-2968-2727\7